STATE OF WEST VIRGINIA

*In re* **D.J.-1, G.J., and P.J.**

**No. 18-0553** (Lincoln County 12-JA-12, 12-JA-13, and 12-JA-15)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.J.-2, by counsel Eric B. Anderson, appeals the Circuit Court of Lincoln County's May 14, 2018, order denying his motion for relief from the June 15, 2017, order terminating his parental, custodial, and guardianship rights to D.J.-1, G.J., and P.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robby N. Long, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him an improvement period following the filing of the amended petition and terminating his parental, custodial, and guardianship rights when he corrected the allegations contained in the amended petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner lacks standing to raise his appeal. For these reasons, a memorandum decision dismissing the appeal is appropriate under Rule 27 of the Rules of Appellate Procedure.

In May of 2012, the DHHR filed a child abuse and neglect petition against petitioner and the mother. Specifically, the DHHR alleged that petitioner maintained unsanitary living conditions, failed to properly supervise the children, emotionally abused them, and committed domestic violence in their presence. In its May 31, 2012 order, the circuit court found that petitioner waived his preliminary hearing, "admitted to the allegations of 'child abuse and/or neglect' as statutorily defined," and granted him a post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as D.J.-1 and D.J.-2, respectively, throughout this memorandum decision.

Petitioner complied with his improvement period such that it was extended in April of 2013. The circuit court held a hearing in August of 2013, wherein the parties proposed that the children be placed in the legal guardianship of the maternal great-aunt. The circuit court accepted the proposal and granted temporary legal guardianship to the maternal great-aunt.

Thereafter, the maternal great-aunt passed away. The DHHR filed an amended petition in January of 2015 alleging that petitioner never successfully completed his improvement period and failed to make improvements or address the conditions of abuse following the maternal great-aunt's guardianship. After numerous continuances, a final dispositional hearing was held in March of 2017 and the circuit court entered an order on June 15, 2017, in which it found that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that termination of his parental, custodial, and guardianship rights was in the children's best interests.

Petitioner did not appeal the June 15, 2017, dispositional order. Rather, on July 3, 2017, petitioner filed a "MOTION FOR RELIEF FROM JUDGMENT ORDER" requesting that the circuit court vacate its order terminating his parental rights, reinstate him as a party to the action, and grant him other general relief. The circuit court held a hearing on the matter in January of 2018, and ultimately issued an order in May of 2018, denying the motion. It is from the May 14, 2018, order denying his motion for relief that petitioner appeals.[2]

While petitioner frames his appeal as arising from the motion for relief from judgment order, he is actually asking this Court to substantively review the termination of his parental rights. Specifically, he argues that the circuit court erred in denying him an improvement period following the filing of the amended petition and in terminating his parental, custodial, and guardianship rights when he corrected the conditions of abuse alleged in the amended petition. Having reviewed the record, we find that petitioner lacks standing to raise his appeal. Pursuant to Rule 60 of the West Virginia Rules of Civil Procedure, a circuit court may relieve a party from a final judgment under limited circumstances. However, Rule 81(a)(7) sets forth "Rules 5(b), 5(e) and 80 [of the Rules of Civil Procedure] apply, but the other rules do not apply, to juvenile proceedings brought under the provisions of chapter 49 [§ 49-1-1 et seq.] of the West Virginia Code." As such, petitioner's July of 2017 motion could only be construed as a motion seeking modification of the dispositional order which terminated his parental rights to D.J.-1, G.J., and

---

[2]Both parents' parental, custodial, and guardianship rights were terminated during the underlying proceedings. D.J.-1 is currently placed at the Children's Home of Wheeling, West Virginia. P.J. is placed at the Burlington United Methodist Family Services Facility in Burlington, West Virginia. G.J. is currently placed in an adoptive foster placement. According to the guardian, the respective placements of the children are "the least restrictive alternatives available that can meet the respective needs of the children at this time." The guardian submits that the permanency plan for all three children is adoption when such a plan becomes viable based upon improvement in the children's behaviors through therapy, counseling, and medication management.

P.J. under West Virginia Code § 49-4-606. Rule 46 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings lists the parties that may move for modification of a dispositional order.[3] That list specifically excludes parents whose parental rights to the children at issue have been terminated. Further, this Court has previously held that

> [a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to W.Va. Code § 49-6-6 (1977) (Repl. Vol. 2004) [now W.Va. Code 49-4-606], to move for a modification of disposition of the child with respect to whom his/her parental rights have been terminated.

Syl. Pt. 6, *In re Cesar L.*, 221 W.Va. 249, 654 S.E.2d 373 (2007).

Because petitioner's parental, custodial, and guardianship rights had been terminated, he lacked standing to file the motion requesting that the circuit court modify, by vacating, the dispositional order. By filing the motion with the circuit court rather than filing an appeal to this Court following the termination of his parental rights, petitioner failed to timely file an appeal pursuant to Rule 11 of the Rules Appellate Procedure, which sets forth that abuse and neglect appeals must be filed within thirty days of entry of the final judgment being appealed.

Lastly, because permanency for D.J.-1 and P.J. has not yet been achieved, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

---

[3]Pursuant to Rule 46,

> [a] child, a child's parent (whose parental rights have not been terminated), a child's custodian, or the Department shall file a motion in the circuit court of original jurisdiction in order to modify or supplement an order of the court at any time; provided, that a dispositional order pursuant to W.Va. Code § 49-4-604(b)(6) shall not be modified after the child has been adopted, pursuant to W.Va. Code § 49-4-606. The court shall conduct a hearing and, upon a showing of a material change of circumstances, may modify or supplement the order if, by clear and convincing evidence, it is in the best interest of the child.

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we hereby dismiss petitioner's appeal.

Dismissed.

**ISSUED**: November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment